THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, GUAYAMA PART, CARLOS BASTIÁN RAMOS, JUDGE, Respondent.

No. O-68-68.      Decided June 6, 1968.

*Rafael A. Rivera Cruz, Solicitor General,* and *Lolita Miranda, Assistant Solicitor General,* for petitioner.

JUDGMENT

San Juan, Puerto Rico, June 6, 1968

By this petition, which we shall consider as a petition for mandamus, we are requested to consider whether a Superior Judge can determine that there is or is not probable cause to believe that the offense of attempt to kill had been committed on the basis of the testimony of one of the two witnesses who had testified in the preliminary hearing held before a District Judge who determined that there was no probable cause.

The Superior Judge concluded that he could not lawfully determine whether there was probable cause in this case because "the prosecuting attorney, in failing to submit in this case the same evidence which he submitted to the District Judge, that is, the two witnesses presented at the preliminary hearing before said judge, did not comply with subdivision C of Rule 24 of the Rules of Criminal Procedure, to submit the case on the same evidence or on different evidence." Said judge ruled that in the event the prosecuting attorney did not appeal from said order, the court would proceed to determine that there was no probable cause because of the noncompliance with said provision of the aforementioned Rule.

The aforementioned judge added that the prosecuting attorney may present before a Superior Judge additional evidence which has been obtained later or which he could not present originally, "to add, not to eliminate elements of judgment to said judge for a conscious determination of

probable cause. This contemplates that the Superior Judge has the same or more evidence than the District Judge. . . ."

The language of the aforementioned subdivision (c) of Rule 24 is clear in the sense that when a magistrate of the District Court determines that there is no probable cause or that there is probable cause of an offense inferior to the one charged, the prosecuting attorney may submit the case *again on the same or on different evidence* to a magistrate of the Superior Court. There is nothing in said provision requiring the prosecuting attorney to present to the Superior Judge the same evidence he offered in the preliminary hearing before the District Judge. On the contrary, the second preliminary hearing does not partake of the nature of an appeal by a *new trial* of the first. *Cf.* Rule 216 (g) of the Rules of Criminal Procedure; *People* v. *Rodríguez Torres*, 95 P.R.R. 454 (1967). It is independent, separate, and different from the latter, since for the purposes of the second one the Rule in question provides that the prosecuting attorney may submit the case *again*, that is, without any limitation whatsoever as to the evidence to be presented, by reason of the first preliminary hearing.

For greater clearness, subdivision (c) of the aforecited Rule 24 provides that the prosecuting attorney may submit the case to a Superior Judge on the same or on different evidence. There is nothing in this provision to limit the prosecuting attorney to submit the case *on the same or on additional evidence*. On the contrary, it is evident from the content of the provision in question that the prosecuting attorney is completely free to submit it on the same evidence, on part of it or on another evidence entirely separate and different from or additional to all or part of the evidence he offered in the original preliminary hearing.

Since it appears from the foregoing that the right to require the immediate holding of the preliminary hearing

in question exists, and that there is no excuse whatsoever for not holding it, the writ of mandamus is issued and the Judge of the Superior Court, Guayama Part, Carlos Bastián Ramos, is peremptorily ordered to hold the preliminary hearing requested and to consider in said hearing the evidence that the prosecuting attorney sees fit to present.

It was so decreed and ordered by the Court, as witnesses the signature of the Chief Justice.

(s) Luis Negrón Fernández

*Chief Justice*

I certify:

(s) Joaquín Berríos

*Clerk*